UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

DERRICK P. JONES,

                Plaintiff,

v.                                          Case No. 16-cv-1355-pp

MEG SCHNABL, and
CONNIE ACHERSON,

                Defendants.

___

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 8), SCREENING PLAINTIFF'S COMPLAINT, AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

___

        The plaintiff, a Wisconsin state prisoner who is representing himself, filed this lawsuit under 42 U.S.C. §1983, dkt. no. 1, along with an incomplete motion for leave to proceed without prepayment of the filing fee, dkt. no. 2. The plaintiff later submitted a prisoner trust account statement, dkt. no. 5, and a completed motion for leave to proceed without prepayment of the filing fee, dkt. no. 8. This order resolves his motions and screens his complaint.

I.      <u>Motions for Leave to Proceed without Prepayment of the Filing Fee</u>

        As noted above, the first motion that the plaintiff filed asking the court to allow him to proceed without pre-paying the filing fee was incomplete. Dkt. No. 2. It contained only the first page of the form, and the plaintiff did not provide his prison trust account statement. The court will deny that motion.

As to the plaintiff's second motion: the Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

On November 16, 2016, the court ordered the plaintiff to pay an initial partial filing fee of $17.27. Dkt. No. 6. The plaintiff paid that fee on December 7, 2016. Accordingly, the court will grant the plaintiff's completed, second, motion for leave to proceed without prepayment of the filing fee. The court will require the plaintiff to pay the remainder of the filing fee over time as set forth at the end of this decision.

II.     Screening the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### A.  The Plaintiff's Allegations

On June 4, 2016, the plaintiff was an inmate at the Waukesha County Jail. Dkt. No. 1 at 2. That day, he was placed in administrative segregation for being disruptive. Id. He did not, however, receive a due process hearing. Id. at 3. The jail administrators told the plaintiff that he was not placed in segregation for a disciplinary reason, but the plaintiff maintains that he had a right to a due process hearing even if his segregation placement was labeled administrative. Id. at 3.

The plaintiff also asserts that he was placed in segregation because he was African American, while a Caucasian inmate remained in the general population. Id. The plaintiff contends that both he and the Caucasian inmate

3

should have been placed in segregation until the investigation was completed. Id. Further, the plaintiff maintains that the Caucasian inmate was the one who started using racial slurs, not the plaintiff. Id.

**B.    Analysis**

The plaintiff named the following defendants in his complaint: Waukesha County Jail, Meg Schnabel and Connie Acherson. Id. at 1.

Section 1983 allows a plaintiff to sue any "person" who violates his civil rights under color of state law. The Waukesha County Jail is not a proper defendant, because the jail is not a person that may sued under §1983. Nava v. Sangamon County Jail, 2014 WL 1320259, *2 (C.D.Ill. April 2, 2014); Wright v. Porter County, 2013 WL 1176199, *2 (N.D.Inc. Mar. 19, 2013) ("Wright also sued the jail itself, but this is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations."); Phillips v. Sangamon County Jail, 2012 WL 4434724, *2 (C.D.Ill. Sept. 24, 2012).

While the plaintiff names Schnabel and Acherson on the first page of his complaint, the body of the complaint does not mention either one of them. The plaintiff says that he "was placed" in segregation, but he doesn't say who placed him there. He says he was "not afforded" a hearing, but he doesn't say who it was who refused to give him that hearing. He does not explain what he believes Schnabel or Acherson did to violate his rights, or even who they are. Section 1983 limits liability to public employees who are personally responsible for a constitutional violation. Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009). For liability to attach, the individual defendant must have caused or

4

participated in a constitutional violation. Hildebrandt v. Illinois Dept. of Natural Resources, 347 F.3d 1014, 1039 (7th Cir. 2003). The complaint does not provide enough information about these two individual defendants to assert a claim against them.

The court needs additional information from the plaintiff before it can determine whether he states a claim. Specifically, the plaintiff must name as defendants those individuals who placed him in segregation and/or made the decision to do so. Additionally, the court needs to know how long the plaintiff was kept in administrative segregation without a hearing.

If the plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in his amended complaint as described in this order. The plaintiff must file an amended complaint on or before **September 8, 2017**. If the plaintiff does not file an amended complaint by the deadline, the court will assume that he no longer wishes to prosecute this case, and will dismiss the case based on his failure to diligently pursue it. See Civil L.R. 41(c).

The amended complaint must bear the docket number assigned to this case, and must be labeled "Amended Complaint." The amended complaint takes the place of prior complaints and must be complete in itself without referring to or relying on the prior complaints. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). If the plaintiff files an amended complaint, the court will screen it under 28 U.S.C. § 1915A.

III.  Conclusion

The court **ORDERS** that the plaintiff shall file an amended complaint in time for the court to receive it on or before **September 8, 2017**. If the court does not receive the plaintiff's amended complaint by that deadline, the court will dismiss the case based on the plaintiff's failure to diligently pursue it.

The court **DENIES** the plaintiff's incomplete motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **GRANTS** the plaintiff's second, completed, motion for leave to proceed without prepayment of the filing fee. Dkt. No. 8.

 The court **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $332.73 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). Please identify the payments by the case name and number assigned to this action.

The court also **ORDERS** that, under the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh

Correctional Institution. If the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case.

The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court will send a copy of this order to the warden of the institution where the plaintiff is confined.

Dated in Milwaukee, Wisconsin this 2nd day of August, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**